UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DEBORAH WALTON,            )
MARGARET WALTON,           )
                           )
        Plaintiffs,        )
    vs.                    )   No. 1:08-cv-1275-DFH-TAB
                           )
HYATT & ROSENBAUM, P.A., et al.,  )
                           )
        Defendants.        )

**Entry Granting Motions to Dismiss
and Directing Further Proceedings**

Hyatt & Rosenbaum, P.A., William T. Rosenbaum, and Stephen Hyatt challenge the legal sufficiency of the plaintiffs' complaint through motions to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Plaintiffs Deborah Walton and Margaret Walton have opposed the motions to dismiss. For the reasons set forth in this Entry, the motions to dismiss (dkts 12 and 14) and request for attorney's fees (dkt 12) are **granted**.

**I.**

**A.**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. See 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE**,** § 1356 (3d ed. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2008)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

**B.**

The complaint alleges that the defendants received a judgment against Deborah Walton in favor of their client James Toliver, a tenant. Mr. Toliver obtained the judgment from an Indiana state court when Deborah Walton's brother, the landlord, "violated Indiana Tenants rights by not returning the deposit" to the tenant. Deborah Walton had signed the lease on behalf of her brother and she was held equally responsible. Deborah Walton and her mother Margaret Walton brought this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), challenging the defendants' attempts to collect on the judgment from each of them.

The Waltons allege in their complaint that the defendants violated the FDCPA in several respects. The defendants argue that the complaint fails to allege an essential element of the FDCPA claims because the underlying judgment does not qualify as a "debt" under the FDCPA.

The FDCPA defines the term "consumer" as any natural person obligated or allegedly obligated to pay any debt, 15 U.S.C. § 1692a(3), and defines a consumer debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the . . . property . . . which [is] the subject of the transaction [is] primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5); see also *Bass v. Stolper, Koritzinsky, Brewster & Neider*, *S.C.*, 111 F.3d 1322, 1325 (7th Cir. 1997) (a "debt" is "any obligation to pay arising out of a [consumer] transaction"). "[T]he FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Id.* at 1326.

To determine whether the money owed by Deborah Walton to the defendants constitutes a "debt" under the FDCPA, the court engages in a two-part inquiry. *Berman v. GC Services Ltd. Partnership*, 146 F.3d 482, 484 (7th Cir. 1998).

> First, does the money qualify as an "obligation of a consumer to pay money arising out of a transaction?"
>
> Second, was the money owed "primarily for personal, family, or household purposes?"

*Id.*

The Waltons argue that the FDCPA applies because they believe that the Seventh Circuit has held that debts comparable to the state court judgment in this case constitute a "debt" under the FDCPA. They rely on *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477 (7th Cir. 1997). However, the *Newman* decision does not control the outcome of this case. In *Newman*, the court concluded that assessments owed to a condominium association qualified as a "debt" under the FDCPA. *Id.* at 480-82. This case, however, does not involve past due assessments. Rather, the underlying obligation arose from a state court action in which Deborah Walton was found liable for damages and attorney fees because of the violation of Mr. Toliver's rights. Neither Deborah Walton's brother nor Deborah Walton, as landlord or as guarantor, incurred this obligation *as a consumer.* The debt was owed by a landlord, not a consumer.

As to the second prong of the test, the money that the defendants were attempting to recover from Deborah Walton consisted of a judgment for damages and attorney fees. The debt arose when Deborah Walton's brother failed to return a deposit to a tenant. The debt was created by a judgment against Deborah Walton in her role as a landlord. In that role, she was most assuredly not a consumer. In addition, the money was not owed for

2

personal, family or household purposes. Rather, it was a business or commercial debt owed by a landlord to a tenant. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 400 n.23 (3rd Cir. 2000) (water and sewer obligations owed by individuals who owned their property for business purposes did not qualify as "debts" under FDCPA because the services were not primarily for personal, family or household purposes); *Piper v. Portnoff Law Associates*, 215 F.R.D. 495, 501-502 (E.D. Pa. 2003)(excluding from the class of consumers bringing FDCPA action businesses, corporations and real persons who own their property for business purposes). A "debt" within the meaning of the FDCPA is created whenever a consumer is obligated to pay money as a result of a transaction whose subject is primarily for personal, family or household purposes. That description may be applicable to Mr. Toliver, but is certainly not applicable to Deborah Walton relating to the claim against her or the judgment issued in the state court lawsuit based on the non-return of a deposit.

It is therefore evident that Deborah Walton's debt represented by the state court judgment is not a "debt" within the meaning of the FDCPA.

The Waltons allege that the defendants contacted Margaret Walton in an attempt to collect the debt, even though Margaret was not a party to the tenant rights lawsuit and a judgment was not entered against her. It does not matter that Margaret Walton does not personally owe the judgment. The only salient point for purposes of the motion to dismiss is that the judgment is a commercial or business debt. Margaret Walton's relationship to the debt is immaterial for purposes of this analysis because the FDCPA does not apply to efforts to collect such debts. *Hobbs v. Duggins,* 318 Fed.Appx. 375 (6th Cir. 2009) (affirming district court's conclusion that the legal fees owed as a result of the guaranty were not subject to the provisions of the FDCPA because they constituted a "business" debt, rather than a "personal" or consumer debt).

Based on the foregoing, the court finds that the Waltons' complaint fails to state a plausible claim for relief because there is no allegation in it from which the court could conclude that the defendants violated the FDCPA. The motions to dismiss (dkts 12 and 14) are **granted.**

## II.

### A.

The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). This court finds that the Waltons' claims lack merit and could serve no possible purpose other than to harass the defendants. This conclusion is based on the complete absence of merit in the Waltons' claims and by the fact that the Waltons have, or should have, a clear understanding that a "debt" covered by the FDCPA occurs only when it arises out of an "obligation of a consumer to pay money arising out of a transaction"

and when the money owed was "primarily for personal, family, or household purposes." This latter factor is fully attributable to the Waltons given the nature and outcome of particular litigation concluded in this court more than two years before this lawsuit was even filed. See *Deborah Walton v. Rubin & Levin, P.C. et al.*, 1:05-cv-1132-LJM-VSS (S.D. Ind. March 27, 2006)(granting motion to dismiss and holding that state court judgment arising from a legal dispute over property rights was not a "debt" under the FDCPA). Defendant Hyatt & Rosenbaum, P.A. and William T. Rosenbaum's request for attorney's fees in defending this action is **granted**. The defendants shall submit a written fee petition no later **than October 12, 2009**, along with supporting affidavit(s) and record. These may also include any request for costs.

**B.**

Defendant Stephen Hyatt shall have **through October 12, 2009**, in which to file a motion for attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**C.**

The Waltons shall have **through October 26, 2009,** in which to file an objection or other response to both Defendant Hyatt & Rosenbaum, P.A. and William T. Rosenbaum's written fee petition and to Defendant Stephen Hyatt's motion for attorney's fees and fee petition.

Unless a party requests in writing an evidentiary hearing on the amount of the fee petition, the court will decide the amount of the fee award based only on the written submissions.

**III.**

The plaintiff's objections to the defendants' request for documents (dkt 39) is **denied as moot.**

**IV.**

Although the motions to dismiss have now been resolved, the court does not enter final judgment at this time. It is anticipated that final judgment will be entered once all petitions for attorneys' fees and costs have been resolved.

So ordered.

_David F. Hamilton_
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: September 18, 2009

Distribution:

Dean R. Brackenridge
FROST BROWN TODD LLC
dbrackenridge@fbtlaw.com

Brian Michael Falcon
FROST BROWN TODD LLC
bfalcon@fbtlaw.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Patrick James Olmstead Jr.
HOOVER HULL LLP
polmstead@hooverhull.com

Deborah Walton
P.O. Box 40642
Indianapolis, IN 46240

Margaret Walton
P.O. Box 40642
Indianapolis, IN 46240