**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DEBORAH WALTON, | ) | |
| MARGARET WALTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 1:08-cv-1275-SEB-TAB |
| | ) | |
| HYATT & ROSENBAUM, P.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON JANUARY 5, 2010, HEARING**

**Background**

This action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA") was dismissed on September 18, 2009. Then Chief Judge Hamilton, to whose docket the action had been assigned, concluded that the plaintiffs' complaint failed to state a claim upon which relief could be granted. As part of the court's ruling, the costs of the action were assessed against the plaintiffs, Deborah Walton and Margaret Walton. In addition, the court awarded the defendants their attorneys fees. This fee-shifting is authorized under the FDCPA where the court finds that the action "was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). The court withheld the issuance of final judgment until the question of costs and attorney fees was resolved.

Defendant Stephen Hyatt filed his fee petition on October 12, 2009, and filed a separate motion for bill of costs on the same day. Also on October 12, 2009, defendants Hyatt & Rosenbaum, P.A. and William T. Rosenbaum ("Rosenbaum defendants") filed a fee petition seeking the award of both attorney fees and costs.

A hearing was conducted on January 5, 2010, on the pending post-judgment motion for costs and petitions for attorneys fees. The plaintiffs were present in person and the defendants appeared by counsel. Evidence was submitted and argument held.

### As to Plaintiff Margaret Walton

The petitions and motion just referenced were granted as to plaintiff Margaret Walton on January 4, 2010. It was noted in Part II of the ruling of January 4, 2010, that the ruling on the petitions and motion just referenced could be "reconsidered and modified following the hearing of January 5, 2010." However, the court finds no basis on which to reconsider or modify those findings.

### As to Plaintiff Deborah Walton

Deborah Walton filed an opposition to portions of the fee petitions.

Given the parties' written submissions, evidence presented at the hearing, and oral arguments, the court ruled at the conclusion of the hearing on January 5, 2010, that the defendants' request for attorney fees and costs as to plaintiff Deborah Walton were reasonable in all respects, including the services rendered, the time expended, and the attorneys' hourly rate.

Accordingly, and as to plaintiff Deborah Walton, Stephen Hyatt's fee petition is **granted.** Consistent with this ruling, (1) Stephen Hyatt shall recover his costs in this action in the amount of $288.16, and (2) Stephen Hyatt shall recover his attorney fees in the amount of $9830.50. In addition, the Rosenbaum defendants' fee petition is **granted,** and consistent with this ruling, (1) the Rosenbaum defendants shall recover their costs in this action in the amount of $827.53, and (2) the Rosenbaum defendants shall recover their attorneys fees in the amount of $19,460.50 from Deborah Walton.

Final judgment consistent with this ruling and the Entry of September 18, 2009, shall now enter.

**IT IS SO ORDERED.**

Date:  01/25/2010

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana